WILLIAMS v. THE STATE, 12 Smedes & Marshall, 58.

### BETTING ON ELECTIONS.

It is not necessary that a person to be guilty as principal, should perpetrate an offense with his own hands. If it be committed through the medium of an innocent agent, the employer though absent when the act is done, is answerable as principal; and if the agent be aware of the consequences of the act and answerable for it, he becomes a principal in the first degree, and the principal accessory before the fact.

In all offenses below the degree of felony, there can be no accessories either before or after the fact. Those, who in felonies would be accessories before the fact, are, in offenses below that degree, principals, and must be proceeded against as such. This rule holds in regard to the highest and lowest of such offenses.

Where a bet is made on the result of a presidential election, it is competent to establish the result of the election by parol testimony.

In legal acceptation, United States treasury notes are not money; and if the indictment charge the bet to have been made with them as valuable things, their value must be proved to warrant a conviction.

Error to Hinds circuit court. COALTER, J.

At the June term, 1845, of the circuit court of Hinds county, the grand jury indicted Sidney S. Erwin and Daniel O. Williams, for betting two hundred dollars on the result of the presi-

dential election, which took place on the first Wednesday in December, 1844. The case was dismissed as to Erwin, and in November, 1846, a trial was had on the plea of not guilty by Williams. It was proved by Samuel H. Charles, that some weeks previous to the presidential election of 1844, he had been requested by Williams to effect a bet for him with Erwin on the result of that election, saying to him, at the time, that he presumed that Erwin, in the event of Mr. Clay being elected president, would be pleased to attend his inauguration; and he (Williams), if Mr. Polk should be elected, would be gratified at being present at Mr. Polk's inauguration; and proposed that if Mr. Clay were elected, he (Williams) should pay Erwin's expenses to Washington; and if Mr. Polk were elected, Erwin should pay Williams' expenses there.

The witness received from Williams, for the purpose of the bet, four United States treasury notes, each of the denomination of fifty dollars, which, after arranging the bet with Erwin, were put up with two hundred dollars of Erwin's in the hands of a third person; that the presidential election occurred as stated in the indictment, and resulted there as stated; after the result had been ascertained, Williams received back his stake with the two hundred dollars of Erwin's. This was all the testimony.

Williams excepted to the parol proof of the result of the election. The court, on the part of the state, gave the following instructions, to wit:

1. That if they believed from the evidence that Williams, in making the bet, offered four fifty dollar treasury notes, as two hundred dollars, and Erwin, with whom he was making the bet, made no objections to treasury notes as money, but received them as money, that would be sufficient to satisfy the charge of betting two hundred dollars.

2. If the parties intended to bet money, and the four treasury notes, deposited by Williams, were intended to represent that amount of money, and were accepted by him as money, and Erwin bet money against them, the allegation is sustained, even if the treasury notes had no intrinsic value.

The following instructions were asked for by the defendant and refused:

4. If the jury believe from the evidence that the defendant did not make this bet himself, but procured to make it for him, they must acquit him, under the indictment.

5. The charge in the indictment being that money was bet, if the jury believe that the proof only shows that United States treasury warrants were bet, they cannot find against the defendant.

The defendant was found guilty, and he brings his case to this court by writ of error.

THACHER, J.:

This is an indictment framed under the act of February, 1839, entitled, " An act farther to discourage and suppress gaming." Hutch. Code, 951, Art. 11.

The indictment charges that Daniel O. Williams did wager and bet with, and against one Sidney S. Erwin, the sum of two hundred dollars, upon the result of an election of a president of the United States of America, had and held on the first Wednesday in the month of December, A. D. 1844.

The evidence of Samuel H. Charles, established that some weeks previous to said election, he was requested by Williams to effect a bet for him with said Erwin, on the result of said election; that he afterwards received from said Williams four United States treasury notes, each of the denomination of fifty dollars, which, after arranging the terms of the bet with said Erwin, together with two hundred dollars supplied by said Erwin, were placed in the hands of a third person; that the said presidential election did occur, as charged in the indictment, the result was made known, and that Williams did receive back his said treasury notes, together with the said two hundred dollars supplied by said Erwin.

The act under which this indictment was framed, runs against any person who " shall wager or bet, or promote or encourage the wagering, or betting of any money, or other valuable thing, upon any cock-fight, or duel, or upon the result of any election of any kind whatever."

The conviction in this case is claimed to be illegal and erroneous for various reasons.

In the first place, it is contended that the evidence establishes that Williams did not himself make the bet, but procured it to be done for him by another, which should relieve him from this indictment. It is not necessary that a person to be guilty as principal, should perpetrate an offense with his own hands, for, if it be committed through the medium of an innocent agent, the employer, though absent when the act is done, is answerable as a principal; and if the agent be aware of the consequences of the act, and answerable for it, he becomes a principal in the first degree, and the employer an accessory before the fact. Such is the law in the commission of felonies; but, as in all offenses below the degree of felony, there can be no accessories, either before or after the fact; those, therefore, who, in felonies, would be accessories before the fact, are, in respect to offenses below that degree, principals, and must be proceeded against as such. This rule holds in regard to the highest and lowest of such offenses. 4 Black. Com., 36; 1 Hale, 616.

It is also insisted, that it is not competent to establish the result of the said presidential election by parol evidence. This point is not, we think, well taken, for various reasons, and among others, because such a matter of great public interest is universally known throughout the land, and can, therefore, be proved or disproved with absolute certainty by parol proof.

It is likewise relied upon, however, that, while the indictment charges a bet of money to the amount of two hundred dollars, the evidence shows the bet upon the part of Williams to have been four United States treasury notes, each of the denomination of fifty dollars, and it is insisted, that in this particular the *probatum* does not correspond with the *allegatum*. This point we deem to be well taken. In legal acceptation, such notes are not money, and even if the indictment had charged the bet to have been made with them, as valuable things, their value must have been proved, to have warranted a conviction. 1 Nott & McCord, 9; 12 Wend., 547; 2 Leach, 1036, 1090; 2 Car. Law Rep., 269.

As upon this latter principle the instructions of the circuit court to the jury held a different doctrine, we accordingly reverse the judgment, and direct a new trial to be had in the case.

Judgment reversed, and a new trial awarded.