M. BLOCK v. THE STATE.

1. MONEY—EMBEZZLEMENT.—An indictment for embezzling money will not be sustained by proof of embezzling United States currency or national-bank bills.
2. MONEY.—In legal acceptation, the word money means current metallic coins.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

M. Block was indicted for embezzling three hundred dollars, by him collected as agent of J. Lavenberg.

The testimony showed that Lavenberg placed several accounts in the hands of Block, who reported that he could

not collect them; that the parties against whom were the accounts had paid them to Block "in United States bills or notes, commonly called greenbacks or national-bank notes, or in both."

The court instructed the jury "that if the evidence shows the collection and conversion to have been of the bills of the United States commonly called greenbacks, or of the national-bank currency, it is included within the term money as used in the indictment."

Verdict of guilty, and punishment fixed at two years in the penitentiary. The judgment was entered upon the verdict, and defendant appealed.

*O. M. Watkins,* for appellant.

*N. G. Kittrell,* for the State.

ROBERTS, CHIEF JUSTICE—The defendant was indicted for the embezzlement of money collected as an agent and converted to his own use. The evidence offered and received over exceptions thereto, was, that he had received greenbacks, being either Treasury notes of the United States, or notes of the national banks, the witnesses being unable to say which. The ruling of the court, in admitting this evidence as competent to establish the charge of embezzling money, is the only question in the case.

In the part of the code relating to embezzlement the terms "money or property" are used to express the objects that may be embezzled. (Paschal's Dig., art. 2421.) There is no clause in connection with it that explains what is meant by the word money, or what may be embraced by it. In that part of the code that defines swindling (Paschal's Dig., arts., 2426, 2427) there is such a clause, providing that "within the meaning of money, as used in the two preceding articles, are included also bank bills or other circulating medium current as money." (Paschal's Dig., art. 2428.) This, being restricted to the two preceding sections, cannot

be held to be a general definition of what is meant by the use of the word " money " in other parts of the code.

In that part of the code relating to theft there is a distinction made between money and bank bills, in enumerating the different kinds of property that may be the subjects of theft. (Paschal's Dig., art. 2390.) If the notes had been shown to be legal-tender Treasury notes, it might have been plausibly contended that they were money, being that which by law can be given in discharge of judgments rendered in our courts for money generally. But the notes may have been current notes of the national banks, the value of which was not attempted to be proved in this case. Though they may ordinarily be called money, it is only in the sense that they may be taken for money as a substitute, when accepted as such. In legal acceptation, the word money means current metallic coins. Bishop says that the word money means only that which is a legal tender. It does not therefore include bank bills, though they pass current." (1 Bishop's Cr. L., sec. 359, (221,) p. 360, and note of authorities referred to.)

It does not include United States warrants. (Williams *v.* The State, 12 S. & M., 58.)

If the legal signification so long established of the word money is to be extended so as to include bank bills in such offenses as this, it is believed to be proper that it should be done by the Legislature, as was done in the offense of swindling, rather than by judicial construction.

Because of the error of the court in admitting the said evidence over the exception of the defendant, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.