## George C. Lewis v. The State.

*No. 3145.   Decided November 6.*

1. **Misapplication of Public Funds—Indictment.**—In charging the appellant, as the treasurer of Palo Pinto County, with the offense of misapplying the county funds, as that offense is defined by article 103 of the Penal Code, the indictment described the property as follows: "Five thousand five hundred dollars in money, the same being then and there current money of the United States, and of the value of five thousand five hundred dollars, which said money was then and there the property of the said Palo Pinto County." *Held,* that the said description is sufficient.

2. **Same—"Money"—Charge of the Court.**—The Code of this State contains no general definition of the term "money." The definitions contained in articles 789 and 792 of the Penal Code relate, respectively, to the offenses of embezzlement and swindling, and can not be made to apply to the offense of misapplication of public funds defined by article 103 of the Penal Code. Construed in the light of adjudications of our courts, "money" means the legal tender metallic coins, or legal tender currency of the United States. It was therefore necessary for the State to prove in this case the conversion of "legal tender metallic coins, or legal tender currency of the United States;" and upon that issue the charge of the court is deficient in omitting to so define "money." See the opinion *in extenso* on the question.

APPEAL from the District Court of Palo Pinto. Tried below before J. S. Straughan, Esq., Special Judge.

This conviction was for misappropriation of public funds, and the penalty assessed by the verdict was a term of four years in the penitentiary.

*A. T. Watts*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.—In the indictment the property is described as follows: "Five thousand five hundred dollars in money, the same being then and there current money of the United States, and of the value of five thousand five hundred dollars, which said money was then and there the property of the said Palo Pinto County." We are of the opinion that the description is sufficient. A general description of property by name, kind, quantity, number, and ownership is sufficient. Code Crim. Proc., art. 427. Here the property is described by name, that is, money; by kind, that is, current money of the United States; by quantity and number, that is, five thousand five hundred dollars; and by ownership, that is, the property of Palo Pinto County. "Money" is "property" within the meaning of article 427, above cited. Bryant v. The State, 16 Texas Ct. App., 144. As to sufficiency of description see Crump v. The State, 23 Texas Ct. App., 615; The State v. Brooks, 42 Texas, 68; Bravo v. The State, 20 Texas Ct. App., 177.

There is no general definition of the term "money" in our code. It is defined with reference to the offense of embezzlement (Penal Code, art. 789), and also with reference to the offense of swindling (Penal Code, art. 792), but these definitions are applicable only to those offenses, and can not be invoked in a prosecution under article 103 of the Penal Code. Block v. The State, 44 Texas, 620. We must, therefore, in this case, be governed by the general definition of the term "money" found in the text books of the law and in the adjudications of the courts. In Block v. The State, 44 Texas, 620, our Supreme Court say that, in legal acceptation, "money" means current metallic coin—means only that which is legal tender. It does not include bank bills, though they pass as current;

nor does it include United States warrants. Mr. Bishop says: "The word money means * * * only what is legal tender. It was even adjudged in Texas to extend simply to metallic coin, and not to include our national greenbacks. (Citing Block v. The State, *supra*.) Therefore, it does not comprehend bank bills, though they pass as current, or United States treasury warrants, or county claims, or orders of a railroad company on its treasurer, or mere promissory notes, or bills of exchange, or bank checks, or, ordinarily, anything which is a mere representative of money." Bish. Stat. Crimes, sec. 346. We do not construe the decision in Block's case, *supra*, as restricting the meaning of "money" to metallic coins, but as restricting it, as does the text of Mr. Bishop, to "that which is legal tender," as legal tender coins, or legal tender treasury notes of the United States. Sansbury v. The State, 4 Texas Ct. App., 99. This meaning of the term is, we think, its meaning as used in article 103 of the Penal Code, and by such meaning this case must be adjudicated.

It was essential to a legal conviction, therefore, that the State should prove the fraudulent conversion or misapplication by defendant of legal tender metallic coins, or of legal tender currency of the United States. We will not stop to determine the sufficiency of the evidence in this respect, as our view of the case renders it unnecessary that we should do so. The court charged the jury that they must believe from the evidence that the money in question was "current money of the United States," and that a bank check was not current money. We think the legal signification of "money" was a part of the law of the case, and that the court was bound to explain that meaning to the jury correctly. As we have seen, this was not done. The jury should have been instructed that to warrant a conviction of the defendant they must believe from the evidence that the property in question was legal tender metallic coins, or legal tender currency of the United States. Special instructions defining "money" were requested by defendant's counsel, which we think were properly refused because incorrect, but they were sufficient to call the attention of the court to the subject, and should have elicited from the court a correct instruction as to the meaning of the term money. In other respects the charge of the court is unobjectionable.

We find no error in the rulings of the court complained of in admitting evidence. We think all the evidence admitted was competent.

Because the charge of the court is incorrect and insufficient in explaining the meaning of the word money, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Hurt, J., absent.