### GEORGE KIMBROUGH V. THE STATE.

*No. 2845. Decided February 5.*

1. **Theft—Charge of the Court.**—The appellant was prosecuted under an indictment which charged him with the theft of twenty dollars, "United States paper currency money of the aggregate value of twenty dollars." The proof showed the money to be United States currency, but failed to identify it specifically as gold or silver certificates, legal tender bills, or national bank notes. The court, under this proof, charged the jury that "United States paper currency money means either United States treasury notes, or what is known as national bank bills, or United States gold or silver certificates." *Held,* correct. "United States paper currency money" embraces every character of paper currency issued and allowed to be used as a medium and circulated as money under authority of the laws of the United States; and such money, under our statute, is "property," and subject to theft. See the opinion on the question.

2. **Same—Evidence.**—The certified proceedings before the examining court, and the bail bond of the defendant to appear before the proper tribunal for trial, are documents which should properly go before the grand jury examining into the accusation. To meet the allegation in the indictment, that the christian name of Dodd, the alleged owner of the stolen money, was unknown to the grand jury, or to show that the grand jury, by the use of reasonable diligence, might have ascertained his christian name, the defense proposed, but was not permitted, to introduce in evidence such documents, which showed the owner to be S. W. Dodd; and to prove that the complaint, signed by said S. W. Dodd, was in fact before the grand jury. *Held,* that the exclusion of the proposed evidence was error.

3. **Practice—New Trial.**—It is a rule of practice that "when the grand jury, by the use of reasonable diligence, can ascertain the name of the owner of the stolen property, it is their duty to do so, and failing in this duty, a new trial should be granted."

4. **Same—Evidence.**—Writings may be used to assist memory "when the witness recollects having seen the writing before, and though he has now no independent recollection of the facts mentioned in it, yet he remembers that at the time he saw it he knew the contents to be correct." Under this rule the court erred in refusing to permit the justice of the peace to testify that, though he had no independent recollection of the transaction, he knew from his entries on his docket that the complaint against the defendant was signed by S. W. Dodd.

APPEAL from the District Court of Cooke. Tried below before Hon. D. E. Barrett.

The conviction was for theft, and the penalty assessed against the appellant was a term of two years in the penitentiary.

The rulings on this appeal do not require a statement of the facts proved.

*J. H. Garnett* and *Davis & Harris,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—In the indictment the money alleged to have been stolen was described as "United States paper currency money of the aggregate value of twenty dollars." The particular kind or character of paper money stolen was not proved; that is, it was not proved

whether the paper bills were legal tender notes, gold or silver certificates,. or bank notes. The first State's witness says: "The bills were money like we use now—United States currency. There was twenty dollars in the paper money of the value of twenty dollars." Again, he says: "The bills were greenbacks. That is what they call them. I do not know whether the bills were silver certificates, gold certificates, national bank bills, or treasury certificates." Other witnesses who saw the money said they did not know whether it was legal tender or not. But they say "it was United States money."

The court instructed the jury that "the term 'United States paper currency money' means either United States treasury notes, or what is. known as national bank bills, or United States gold or silver certificates." Defendant specially excepted to this charge "because gold and silver certificates are not United States paper currency money, and because national bank notes are not United States paper currency money within the meaning of the law."

We are of opinion the instruction was correct. "United States paper currency money" embraces all the character of paper currency issued and allowed to be used as a medium and circulated as money under authority of the laws of the United States. Cook v. The State, 4 Texas. Ct. App. 265. Under our statute, with regard to theft, such money or bank bills is "property," and is a subject of theft. Penal Code, art. 732; Sansbury v. The State, 4 Texas Ct. App., 99. It was not larceny at common law to steal a bank note. United States v. Bowen, 2 Cranch. U. S. C. C., 133.

There is no general definition of "money" in our code. It is defined. with reference to the offenses of embezzlement and swindling. With regard to these offenses, as also to the offense of a misapplication of public. funds, the meaning and signification of the term "money" has been held to be limited and restricted to that which is a legal tender, as legal tender coins, or legal tender treasury notes of the United States. Lewis v. The State, 28 Texas Ct. App., 140; Block v. The State, 44 Texas, 620; Sansbury v. The State, 4 Texas Ct. App., 99.

If the indictment had described the money as "current *money* of the United States," then indeed such allegation could only have been sustained by proof of money which would be legal tender for debt. But where the allegation is, as in this instance, "United States paper currency money," then, in our opinion, any paper currency authorized by the laws of the United States as a circulating medium for money, would come within the description and would be sufficient to prove such allegation. This we think is a clear and legitimate construction of the language, "United States paper currency money." Viewed in the light of this plain construction it is clear that there is no inconsistency or discrepancy between the decision in Cook's case, 4 Texas Court of Appeals,.

265, and the decisions in Block v. The State, 44 Texas, 620, and Lewis v. The State, 28 Texas Court of Appeals, 140. Defendant's exception to the charge of the court in this particular is not maintainable.

The indictment alleged that the money taken was the property of one Dodd, whose christian name was to the grand jury unknown. The defendant, however, had been arrested upon the affidavit of S. W. Dodd in the examining court of H. S. Holman, justice of the peace of Cooke County, Texas, and had been held to bail and had given bail for his appearance before the District Court. And defendant, for the purpose of showing that Dodd's christian name was known to the grand jury, or might have been known by the use of reasonable diligence, proposed to introduce the entries on the justice's docket which recited that the complaint was made by S. W. Dodd, and the bail bond which recited that the defendant had been committed upon a complaint made by S. W. Dodd, charging him with the theft of the money from the said Dodd of the value of twenty dollars, and proposed to prove that the complaint, which had become lost, was in fact signed by S. W. Dodd, and that the aforesaid papers were before the grand jury that found the bill of indictment. The court excluded the bail bond, holding that it was not evidence that the owner of the property was S. W. Dodd, or that he was called S. W. Dodd. He held that the justice's docket was not admissible for any purpose and was not competent evidence to show that the complaint was signed S. W. Dodd.

A magistrate sitting as an examining court is required to certify all the proceedings had before him to the proper court before which the defendant is subject to be tried, and amongst the papers required to be thus certified and transmitted by him is the bail bond of the defendant. Code Crim. Proc., art. 314. It is also provided that "if the proceedings be delivered to the clerk of the District Court, he shall keep them safely and deliver the same to the foreman of the next grand jury as soon as said grand jury is organized." Code Crim. Proc., art. 315; Kerry v. The State, 17 Texas Ct. App., 179. The purpose of this evidence or these certified proceedings is to furnish such information to the grand jury as came to the knowledge of the examining court.

We are of opinion the proposed evidence was admissible to show that the grand jury, by the use of reasonable diligence, might have known the christian name of Dodd, the alleged injured party. "It is a well settled rule that when the grand jury could have ascertained the name of the owner of the stolen property by the use of reasonable diligence it is their duty to do so, and failing in this duty a new trial should be granted." Langham v. The State, 26 Texas Ct. App., 533; Willson's Crim. Stats., sec. 1965.

The defendant next introduced the justice, H. S. Holman, who testified that he made the entries on the docket at the time they purport to

·have been made, to-wit, August 6, 1885, and that he then had the complaint before him and made the entries on the docket from the complaint, and that he kept a correct docket, and that while he had no personal recollection of the transaction, he knew from the entries on the docket, ·which were in his handwriting and made by him at the time, that the complaint was signed S. W. Dodd.

The court held this evidence inadmissible because the witness after examining the docket could not testify from his personal recollection.

We are of opinion the court erred in this ruling. The testimony was admissible under the well established rule with regard to writings which may be used to assist memory, viz.: "Where the witness recollects having seen the writing before, and though he has now no independent recollection of the facts mentioned in it, yet he remembers that at the time he saw it he knew the contents to be correct." 1 Greenl. Ev., sec. 437.

For errors in excluding the evidence we have discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Hurt, J., absent.