CURTIS McKEE v. THE STATE.

No. 8962.    Delivered April 29, 1925.

1.—Manufacturing Intoxicating Liquor—Continuance—Properly Refused.

Where appellant moved for a continuance on account of the absence of two witnesses by whom he expected to establish an alibi, which did not embrace the actual time of his arrest by officers at a still, at a different place, at which he was engaged in the actual making of whisky, the still being in full operation, and whisky flowing from it, there was no error in refusing the continuance.

2.—Same—Special Charge—Bill of Exception—Incomplete.

Where a bill of exception complaining of the trial courts refusal to give a requested special charge, which does not point out the fact or facts which would make apparent the necessity or propriety of giving such a charge, is so incomplete that it presents nothing to this court for review.

3.—Same—Special Charges—Issues Covered—Properly Refused.

It has been repeatedly held by this court that it is proper practice for the trial court to refuse special charges where the issue presented in them have been fully covered in the main charge.

4.—Same—Bills of Exception—Not Intelligible—No Error Presented.

A bill of exception which merely sets out that the court erred in admitting certain written statements of appellant's mother and sister without further explanation will not be considered by this court. The rule is well announced in so many cases as not to need citation that a bill of exceptions must itself manifest the error therein sought to be presented.

5.—Same—Bill of Exception—Practice.

Where a bill of exceptions complains of the refusal of the court to withdraw certain testimony in regard to tracks from the consideration of the jury, and the bill contains nothing except the statement of appellant as to his reasons for desiring the testimony withdrawn, the statement of such reasons in his motion that the testimony be withdrawn, is not tantamount to any proof of the facts therein stated. In the form the bill appears, nothing is before us for consideration.

Appeal from the District Court of Rains County.    Tried below before the Hon. Geo. B. Hall, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Rains County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The State witnesses show that about the 20th of February, 1824, appellant was seen and found by them engaged in the operation of a still, by means of which intoxicating liquor was in process of manufacture. The equipment was in place, the fire was burning, the mash boiling and whiskey was running from the coil into a fruit jar. The testimony for the appellant combated the proposition of the manufacture of liquor by him. No brief is on file for either party.

The indictment in this case was returned on May 16, 1924. The case was called for trial on the 19th of the same month. An application for continuance because of the absence of Frank Moody and Otto Holland was overruled. It is stated in the application that subpoenas were issued on the day after the return of the indictment, one to Garza county, Texas, for the witness Moody, and one to Taylor county, Texas, for the witness Holland. Neither subpoena had been returned at the time of the trial, and appellant asserted that there had not been sufficient time for the subpoenas to be executed and get back to the trial court before said trial. In the application it was stated that appellant expected to show by both said witnesses that they were at the residence of appellant's mother on the night of his alleged manufacture of intoxicating liquor; that they reached her home about 8:30 or 9 o'clock P. M. on that date and remained until about 10:45 on the same night, and that during that time appellant was present at his mother's home and in conversation with and in the presence of said witnesses during all or said time,— it being further stated in the application that the State would attempt to show by testimony that at the same time appellant was engaged in the manufacture of liquor at another and different place from the residence of his mother. An examination of the testimony of the State shows that the time appellant was apprehended at the still by the officers was about midnight. If any of them atttempted to locate appellant at the still at the time asserted in the application for continuance, we have been unable to find it in the testimony. We fail to perceive the materiality of the absent testimony and are of opinion that no error was committed in the overruling of the application.

Appellant complains of the refusal of a special charge in which he sought to have the jury told that they could not consider for any purpose the testimony of two witnesses as to tracks leading from the place where the still was located toward the home of appellant. The bill of exceptions is complete. It brings before us no fact or

facts which would make apparent the necessity or propriety of giving such a charge.

In three other bills of exception complaint appears of the refusal of the court to instruct the jury that appellant should be acquitted if they had a reasonable doubt as to his presence at the time and place of the commission of the offense. An examination of the main charge discloses that in same the learned trial judge told the jury that if they believed appellant was not present at the time and place of the commission of the offense, or if they had a reasonable doubt of such presence, they should acquit him. This seems to obviate the necessity for the special charge mentioned.

The court having instructed the jury fully on the law of reasonable doubt in his main charge, we do not believe it necessary for him to have given the special charge complained of in bill of exceptions No. 5 seeking to have the jury told that the burden never shifts, etc.

In his bill of exceptions No. 7 appellant complains of the fact that the State's attorney was permitted to introduce in evidence certain written statements made by appellant's mother and sister. Said written statements are not set out in the bill, nor is there any such reference to them therein as that we can comprehend this objection. The rule is well announced in so many cases as not to need citation, that a bill of exceptions must itself manifest the error therein sought to be presented. For all we can tell from this bill of exceptions, the statements referred to were material and were properly admitted. Our presumption must be in favor of the action of the learned trial judge in admitting the statements unless the bill manifest that such action was erroneous.

We are unable to see the error of the matter complained of in bill of exceptions No. 8, wherein it is set forth while the motion for new trial was being presented to the court below, the sheriff was permitted to show to the court a letter received by him from the sheriff of Garaza county in regard to his inability to find defendant's witness Moody, or anyone who had ever heard of him. This matter was before the court and not the jury. There is complaint in another bill of exceptions of the refusal of the court to grant a new trial based in part on the overruling of the application for continuance. The evidence introduced before the court is set out at some length in the motion and appears in the bill of exceptions, but in our view of the lack of materiality as to the testimony of said two absent witnesses it becomes unnecessary for us to discuss the testimony set out. If the testimony of the witnesses was not material to support the proposition of appellant's alibi, and the continuance was properly refused,—the motion for new trial on the same ground should also be overruled.

Appellant complains of the refusal of the court to withdraw certain testimony in regard to tracks, from the consideration of the jury. The bill contains nothing except the statements of appellant as to his reasons for desiring the testimony withdrawn. The statement of such reasons in his motion asking that the testimony be withdrawn, is not tantamount to any proof of the facts therein stated. If such facts be true the bill should state them as facts and if certified to by the court this would enable us to consider the question as to whether the court erred in declining to grant the motion to withdraw the testimony from the jury. In the form the bill appears nothing is before us for consideration. This disposes of each of the bills of exception found in the record. The testimony was conflicting, but this was for the jury and they having solved the conflicts in same in favor of the State, we do not feel at liberty to disturb their verdict.

The judgment will be affirmed.

*Affirmed.*