

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

ALD C. MANN
ORNEY GENERAL

February 24, 1939

Mr. William W. Allen
County Attorney
Lavaca County
Hallettsville, Texas

Dear Mr. Allen:

Opinion No. O-373
Re: Does Constitution Prohibit
Deputy Sheriff from Serv-
ing and being paid as Bail-
iff to the Grand Jury?

   This is in reply to your letter of February
17, 1939, in which you request an opinion as to whether
or not it is lawful for a Deputy Sheriff to serve and
accept pay for serving as a bailiff to the grand jury.

   In our opinion your request involves a construc-
tion to clauses of the Constitution of Texas which pro-
vides as follows:

   Section 33, Article 16, provides in part as
follows:

> "The accounting officers of this State
> shall neither draw nor pay a warrant upon the
> treasury in favor of any person, for salary
> or compensation as agent, officer or appoin-
> tee, who holds at the same time any other of-
> fice or position of honor, trust or profit,
> under this State or the United States, except
> as prescribed in this Constitution."

   Section 40, Article 16, provides in part as
follows:

> "No person shall hold or exercise, at
> the same time, more than one civil office of
> emolument, except that of justice of peace,

Mr. William W. Allen, February 24, 1939, Page 2

county commissioner, notary public and post-
master, officer of the National Guard, the Na-
tional Guard Reserve, and the Officers Reserve
Corps of the United States, and enlisted men
of the National Guard, the National Guard Re-
serve, and the organized Reserves of the United
States, unless otherwise specially provided
herein."

It is well settled that a deputy sheriff is
an officer of the State. State v. Brooks, 42 Tex. 62;
Townes v. Harris, 13 Tex. 507; Miller v. Alexander, 13
Tex. 497; Murray v. State, 67 S. W. (2) 274.

In our opinion a grand jury bailiff is also
an officer of the State, his appointment being provided
for by statute, his tenure of office being limited as
to time, and an oath of office being required from him.
Article 367, 367a, 367b and 368, Code of Criminal Proce-
dure, Vernon's Annotated Criminal Statutes of Texas;
Cuilla v. State, 28 S. W. (2) 541.

In view of the authorities cited above, we are
of the opinion that a deputy sheriff is prohibited by
the Constitution from serving and accepting pay as a
grand jury bailiff while such deputy sheriff retains his
office as deputy sheriff.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert E. Kepke

Robert E. Kepke
Assistant

REK:LM

APPROVED:

ATTORNEY GENERAL OF TEXAS