WILLIAM McCRAW.
ATTORNEY GENERAL

LCOTT GAINES.
FIRST ASSISTANT

BOB GROSE.
CHIEF LAW ENFORCEMENT
OFFICER

RUTH MYERS.
CHIEF CLERK

ASSISTANTS
JOE J. ALSUP
VICTOR W. BOULDIN
J. H. BROADHURST
WM. M. BROWN
H. GRADY CHANDLER
VERNON COE
WILLIAM C. DAVIS
L. B. DUKE
W. W. HEATH
CURTIS E. HILL
WM. MADDEN HILL

W. J. (DICK) HOLT
C. M. KENNEDY
LEONARD KING
LETCHER KING
GEORGE P. KIRKPATRICK
SAM LANE
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
T. F. (TED) MORROW
LEON O. MOSES
PAT M. NEFF, JR.
HARRY S. POLLARD
W. S. POPE
RUSSELL RENTFRO
TOM D. ROWELL
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
CHARLES B. WALKER



## OFFICE OF THE ATTORNEY GENERAL

### AUSTIN

January 20, 1939

Hon. Maurice Bullock
County Attorney
Fort Stockton, Texas

Dear Mr. Bullock:

Opinion No. O-125
Re: Salary of deputy sheriff who
is rural mail carrier, fees
of peace officer who is em-
ployed by city and county and
ex officio fees of Justice of
the Peace.

Your request for an opinion on three questions as hereinafter stated has been received by this office. Your questions are as follows:

"1.  Is it lawful for the Sheriff to employ and pay a salary to a Deputy who is at the same time employed as a rural mail carrier for the United States?

"2.  Is it lawful for the County to pay part of the salary of a Peace Officer also employed by the City of Fort Stockton?

"3.  Is it lawful for the County to pay the various Justices of the Peace ex officio salaries in addition to their fees of office."

In reply to the above, I am answering your questions in their numerical order.

1.  Section 741 of the Postal Laws and Regulations of 1913, provides:

"That a rural mail carrier shall not hold any state, county, municipal or a township office."

The case of Groves vs. Borden, 84 SE 1042, Holds:

"A rural mail carrier appointed by the Postmaster General, a member of the cabinet and head of his department is an officer."

The cases, Murray vs. State, 67 SW (2nd) 274; State vs. Brooks, 42 Texas 62 and Travis vs. Harris, 13 Texas 507, hold that a deputy sheriff is a public officer.

Article 14, Section 2 of the United States Constitution and Article 16, Section 40 of the State Constitution prohibits a person from holding two incompatible offices.

In view of the foregoing authorities, your first question must be answered in the negative.

2. The Commissioners' Court may employ an officer of the city to perform services which are not required of him by law and may contract to pay him additional compensation therefor. However, the Commissioners' Court has no authority to pay such officer for duties performed which are required of him by law. Lattimore vs. Tarrant County, 124 SW 205. Texas Jurisprudence, Vol. 34, page 535, Section 117.

You are respectfully advised that it is unlawful for the county to pay a peace officer of the City of Fort Stockton for services rendered by him for the county other than those not required of him by law.

3. Article 3895 authorizes the Commissioners' Court to allow an officer compensation for ex officio services provided that such compensation, together with fees retained by him, does not amount to more than the maximum fee allowed by law.

On November 9, 1928, the Hon. H. Grady Chandler, Assistant Attorney General, rendered an opinion holding in effect that Justices of the Peace may be paid ex officio compensation.

You are respectfully advised that the Commissioners' Court may pay ex officio salaries to Justices of the Peace provided that such compensations together with the fees re-

tained by them does not exceed the maximum fee allowed by law.

Trusting that the foregoing answers your inquiries, I remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Assistant

AW:AW

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS