W. R. MAYSE V. STATE

No. 25286. May 23, 1951.
Rehearing Denied October 10, 1951.

Hon. A. O. Newman, Judge Presiding.

*William J. Gerron,* and *Newman & McCollum,* Brady, for appellant.

*Bill Allcorn,* District Attorney, Brady, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The conviction is under the count of the indictment charging a violation of Art. 95, P. C., making unlawful the embezzlement by a city secretary of funds belonging to the city and coming into his possession by virtue of his office. The punishment was assessed at two years in the penitentiary.

The city of Brady is a municipal corporation, incorporated under the general laws of this state. Appellant was the duly elected city secretary. The record sufficiently reflects that the duties of the city assessor and collector of taxes, as that of city treasurer, had been transferred to the office of city secretary. As a general proposition, it may be said that any and all sums of money paid to the city was through the office of city secretary. A local bank was the city depository where all funds belonging to the city were deposited.

The indictment charged the embezzlement by appellant of $5,154.03.

The state was not, however, under the burden of establishing that such sum was embezzled. To the contrary, the conviction was authorized by a showing of the conversion of any sum of money.

The record is very voluminous. It would serve no useful purpose to attempt to state the facts at length.

As we understand, the state showed that over the period of time covered by the allegations of the indictment there came into the hands of the appellant, as city secretary, the sum, largely by checks, of $9,608.28, which was deposited in the depository. The state does not contend that appellant embezzled any of these funds or that he fraudulently withdrew any of such funds from the depository. It is the position of the state, finding support in the testimony, that appellant did not correctly enter the deposits in his cash book or cash receipts journal, and that the items so entered amounted to $3,755.43 less than those deposited in the depository. It was the contention of the state

that such discrepancy furnished a cover-up by which appellant took and converted to his own use cash and checks coming into his possession which did not reach the depository, and, in this manner, the defalcation by appellant is circumstantially shown.

In addition to the foregoing facts, there was testimony showing that appellant, upon being questioned as to the shortage, admitted that he was short "about Three Thousand Dollars." As to a particular item of $200, appellant admitted that he "took it."

Appellant did not testify. He offered no affirmative defense.

Since the facts show that appellant was short in his accounts and that he admitted the taking of some money, the facts warrant the conviction.

The proof being sufficient to show that appellant specifically converted the sum of $200, as admitted by him, warranted the jury's conclusion that he took money, as alleged in the indictment, and no variance between the allegations of the indictment and the proof is shown.

Numerous bills of exception appear, complaining of the receipt in evidence of the various items and checks appellant was shown to have received and deposited in the depository, the objection to this testimony being that same was irrelevant, immaterial, and prejudicial, and that there was no showing that appellant ever received or converted to his own use any of said items or checks.

This proof was all a part of the state's case and a circumstance in the chain of events by which the state showed the ultimate conversion of city funds. For that purpose, such testimony was admissible.

Other bills of exception have been examined, and are overruled without discussion.

The judgment of the trial court is affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING

MORRISON, Judge.

In an able motion appellant has directed our attention to several bills of exception which will be considered in the order presented.

Bill of Exception No. 21 complains of the trial court's failure to charge that a bank check was not money and that a conviction could be predicated only on proof of a conversion of money. With the principle of law announced in this requested charge we are in accord, but for the question to be properly before us for determination the bill of exception presenting the same must show on its face, either by a certificate of the judge or a recitation in the bill, that a necessity existed or that the facts warranted the giving of such a charge. The bill sets forth a requested charge and nothing more. This is not sufficient. McKee v. State, 100 Tex.Cr.R. 501, 272 S.W. 191.

Bill of Exception No. 22 is directed to the failure of the trial court to give a charge defining money. Appellant cites us to Lewis v. State, 28 Tex.Cr.App. 140, 12 S.W. 736, wherein this court held, in 1889, that it was incumbent upon the trial court to define money in a case where the indictment charged "current money of the United States" so as to distinguish the same from bank notes then commonly in circulation. In the case at bar appellant was charged with converting "money." A review of the decisions of this court since the rendition of the opinion in the Lewis case, together with a consideration of the reason, or lack of reason, for such rule leads us to the conclusion that where an indictment charges simply the taking of "money" or "current money of the United States" that no definition thereof is necessary in the charge.

Appellant's next three "points of error" are not identified with bills of exception which makes the necessity for a discussion thereof doubtful. However, we feel that they may be answered by a re-statement of the state's case as we see it. The state first showed that the sum of $9,608.28 had been received by appellant in his official capacity. It then showed that the books of the city under his control had been so kept or altered to show that he had received instead of the above sum only the sum of $5,852.85. It was then shown that certain tax receipts and records of the city had been altered by appellant so as to give him a balance. Finally, it was shown that appellant admitted that he had converted to his own use a certain item of two hundred dollars and that he was "short" "about three thousand

dollars." Because of the nature of the employment involved, the state was unable to show that appellant converted any particular sum from any particular source but relied upon the above circumstantially proven case. This we hold to have been sufficiently established. The bookkeeping practice employed by the city required that his books show the receipts accurately and this they did not do. Where a trust fund is received and the execution of that trust is peculiarly within the knowledge of the trustee, the burden is cast upon him to account for the trust. Jackson v. State, 44 Tex.Cr.R. 259, 70 S.W. 760; and Busby v. State, 51 Tex.Cr.R. 289, 103 S.W. 638, and cases cited.

The failure of the court to certify that the facts, which form the basis of the objection stated in Bill of Exception No. 14 were true, together with his qualifications to such bill, leaves nothing therein for us to review. Texas Digest, Crim. Law 1092(14).

Being unable to agree with appellant's contentions, the motion for rehearing is overruled.