

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 7, 1968.

Honorable James E. Barlow
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas

Opinion No. M-303

Re: Authority of a Justice of
the Peace, sitting as a
Magistrate, to require
certification and delivery
of Statement of Facts under
stated circumstances pur-
suant to Articles 16.09
and 17.30, C.C.P.

Dear Mr. Barlow:

You request the opinion of this office as to the auth-
ority of a Justice of the Peace, sitting as a Magistrate,
to require a court appointed reporter paid by defense counsel
and without cost to the county to give the original trans-
cribed Statement of Facts to the Magistrate for certification
pursuant to Article 16.09, Texas Code of Criminal Procedure
and for delivery to the clerk of the proper court in accord
with Article 17.30, Texas Code of Criminal Procedure. You
also ask whether a court reporter's failure upon the advice
of defense counsel, to tender the Statement of Facts for
certification and delivery constitutes a basis for contempt
of court proceedings. In answering your question, we assume
that the reporter accepted his appointment as an official
court reporter and that defense counsel did not object to
such appointment.

Article 16.09 describes the procedure for reducing to
writing testimony given before a Justice of the Peace, when
sitting as a Magistrate:

"The testimony of each witness shall be re-
duced to writing by or under the direction of the
magistrate, and shall then be read over to the
witness, or he may read it over himself. Such
corrections shall be made in the same as the
witness may direct; and he shall then sign the
same by affixing thereto his name or mark. All
the testimony thus taken shall be certified to
by the magistrate. In lieu of the above pro-
vision, a statement of facts authenticated by

- 1475 -

> State and defense counsel and approved by the
> presiding magistrate may be used to preserve the
> testimony of witnesses."

Article 16.09 imposes a mandatory[1] duty on the Magistrate
to have a written record of each examining trial. Attorney
General's Opinion No. C-562 (1965).

Your opinion request states that "The Magistrates have
been using tape recording machines and each side can replay
the testimony of any witness any time he desires. (No trans-
cription is sent to the Clerk of the District Courts, and
none has ever been demanded)."

The mandatory requirements of Article 16.09 would seem
to preclude use of tape recording machines as a substitute
for a written record.

Article 17.30 requires the Magistrate to certify the
proceedings before him, and deliver them to the proper court
for use by the grand jury and the prosecuting office:

> "The magistrate, before whom an examination
> has taken place upon a criminal accusation, shall
> certify to all the proceedings had before him, as
> well as where he discharges, holds to bail or
> commits, and transmit them, sealed up, to the court
> before which the defendant may be tried, writing
> his name across the seals of the envelope. The
> voluntary statement of the defendant, the testi-
> mony, bail bonds, and every other proceeding in
> the case, shall be thus delivered to the clerk
> of the proper court, without delay." See Kimbrough
> v. State, 28 Crim.Rep. 367, 13 S.W. 218 (1890).

Neither the mandatory provision of Article 16.09 nor the
certification or delivery provisions of Article 17.30 may
be complied with if the reporter appointed under the direction
of the Magistrate refuses or fails to tender the Statement of
Facts to the Magistrate.

However, an officially appointed court reporter who is
required by the Magistrate to transcribe and give the court
the "original" Statement of Facts is entitled to reasonable
compensation for his services to the court aside from any
private arrangement he may have with defense counsel. See
Attorney General's Opinion M-248 (1968).

---

[1] Emphasis added throughout.

The examining trial is an official hearing authorized by law.   Once a reporter is officially appointed by the Magistrate his Statement of Facts become the work product of the court and may not be withheld for the private advantage of defense counsel.

The very purpose of Article 16.09 is to assure that the testimony of witnesses be preserved and when done by a court appointed reporter, it must be made available to the court so that the Magistrate may fulfill his statutory duty.   16 Tex.Jur. 2d, 314, Criminal Law, Sec. 156, The Examining Trial - Purpose.   A failure to do so constitutes criminal contempt of court by unlawfully interfering with its proceedings. 12 Tex. Jur.2d 484, Contempt, Sec. 3.

Defense counsel is an officer of the court and as such may be held guilty of contempt if he fails in his duty with respect to the execution of the court's order.   12 Tex.Jur. 2d, 498, Contempt, Sec. 17.

Article 2386, Vernon's Texas Statutes, states that:

"Justices of the peace shall also have power:

1.   To punish any party guilty of a contempt of court by fine not to exceed twenty-five dollars and by imprisonment not exceeding one day."

You are therefore advised that a Justice of the Peace, sitting as a Magistrate, has the authority and the duty to require a reporter appointed by the Magistrate to submit the original of his Statement of Facts (for which he receives reasonable compensation) for certification and delivery to the proper court.   Anyone interfering with this judicial proceeding may be held in criminal contempt of court.

## S U M M A R Y

A Justice of the Peace, sitting as a Magistrate, has the authority and mandatory duty to require examining trial proceedings to be reduced to writing, certified, and delivered to the proper court.   When a reporter is officially appointed by the Magistrate, he must be paid a

reasonable compensation for his ser-
vices in preparing an original State-
ment of Facts for the Court even though
the reporter was first retained and
paid by defense counsel.  Anyone in-
terfering with this judicial proceeding
may be held in criminal contempt of
court.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Charles T. Rose
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
R. L. Lattimore
Polk Shelton
James Quick
W. O. Shultz

EXECUTIVE ASSISTANT ATTORNEY GENERAL
A. J. Carubbi, Jr.