### MANRIQUES v. STATE.   (No. 10422.)

(Court of Criminal Appeals of Texas. Nov. 17, 1926. Appeal Reinstated Feb. 2, 1927.)

1. Criminal law ⟷1086(13), 1087(1)—Appeal will be dismissed, where record contains no judgment, sentence, or notice of appeal.

Where record on appeal contains no judgment, sentence, or notice of appeal, the Court of Criminal Appeals has no jurisdiction and the appeal will be dismissed.

### On the Merits.

2. Intoxicating liquors ⟷236(20)—Conviction of transporting liquor held sustained by evidence.

Evidence *held* to sustain conviction for transporting intoxicating liquor.

3. Intoxicating liquors ⟷249—Officers, who heard bottles clinking in sack being carried from automobile by defendant, held authorized to search sack without warrant.

Officers who saw defendant leave automobile with sack, heard bottles clinking in sack, and told defendant to stick up his hands, causing him to drop sack, could examine contents of sack without search warrant, having knowledge from what they saw and heard to make search without warrant.

Appeal from District Court, Tyler County; Thos. B. Coe, Judge.

S. Manriques was convicted of transporting intoxicating liquor, and he appeals. Affirmed.

G. C. Lowe, of Woodville, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in district court of Tyler county of transporting intoxicating liquor; punishment, one year in the penitentiary.

[1] The record before us contains no judgment, no sentence, and no notice of appeal. This court is without jurisdiction. The appeal will be dismissed.

### On the Merits.

At a former day this case was dismissed because of the lack of a sentence in the record. The record has been corrected so as to show a judgment and sentence, and the case will now be considered on its merits.

[2, 3] There appear to be three bills of exception, one complaining of the testimony of Mr. Williams, and another of the testimony of Mr. Barclay to substantially the same matter. The two men testified that they saw an automobile drive up near some boarding cars; that they watched the activity of the parties passing between the automobile and the boarding cars, and presently they observed appellant leave the automobile and start away with a sack. The officers said they heard bottles clinking in the sack and told appellant to "stick 'em up." He dropped the sack. The officers examined its contents and found same to be bottles of intoxicating liquor. The complaint is that the officers admitted themselves to have no search warrant, and appellant contends that, having none, they were not authorized to give testimony of the contents of the sack or of the fact that it contained intoxicating liquor. We do not regard this a case in which the law against searches and seizures without warrant may be invoked. Our statute specifically provides that any peace officer may arrest without warrant, when a felony or breach of the peace has been committed in his presence or within his view. The officers had sufficient knowledge from what they saw and heard to justify them in stopping appellant and in searching the sack when he threw the same down. We perceive no error manifested in any of the three bills. We deem the evidence sufficient to justify the conviction.

Finding no error in the record, the judgment will be affirmed.

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes