JUDGE PEOPLES V. THE STATE.

No. 10981.   Delivered June 8, 1927.

**1.—Possessing Intoxicating Liquor—Search Without Warrant—No Error Shown.**

Where appellant, on leaving a train at Marshall, was observed to be staggering under the influence of liquor, and when arrested a large basket which he was carrying was found to contain a gallon jug and three quart bottles of whiskey, and two half pint bottles of whiskey were found on his person, a warrant to search was not necessary. See Manrique v. State, 291 S. W. 178, and other cases cited.

**2.—Same—Evidence—Showing "Probable Cause"—Properly Admitted.**

There was no error in permitting the sheriff to testify that he had received notice by phone from Shreveport to look out for a man on an incoming train, the same train that appellant was on, who had whiskey. This testimony was properly received as showing probable cause to arrest and search appellant without a warrant.

Appeal from the District Court of Harrison County.   Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of possessing intoxicating liquor for the purpose of sale, and his punishment assessed at one year in the penitentiary.

The record discloses that the officers in Marshall had information from Shreveport on the night of the alleged offense that "a fellow was on the train with some whiskey," and that when the train arrived in Marshall they observed appellant staggering under the influence of whiskey and carrying with him a large basket, about two feet long and fourteen inches wide, and a hand-bag.   The officers immediately arrested appellant, placed him in an automobile and took him to the city jail.   After appellant had been placed in jail, he requested one of the officers to hand him a bag of bananas out of the basket that he had been carrying, and the officer, upon going to the basket, discovered therein a gallon jug and three quart bottles filled with whiskey. Two half pint bottles of whiskey were found on the person of

appellant, and whiskey was also found in the hand-bag. The appellant testified in the case and admitted that he bought the two half pint bottles of whiskey found on his person in New Orleans, but denied any knowledge of the whiskey found in the basket and hand-bag, testifying that a passenger on the train had asked him to look after these pieces of baggage, and that when the train reached Marshall, appellant's destination, the unknown passenger had failed to reappear, so he decided to keep the luggage until the owner called for it.

The record contains three bills of exception.

Bills 1 and 2 complain of the action of the court in permitting the state to introduce in evidence the testimony of the officers relative to the finding of the whiskey, the objection being that the officers did not have a search warrant at the time of the arrest and search. The court qualifies bill No. 3 by stating that when appellant was arrested he was staggering. We are of the opinion that under the facts of this case the officers were authorized to arrest appellant without a warrant, and that the right to search followed the arrest. Manrique v. State, 291 S. W. 231; Sandoval v. State, 293 S. W. 168; Reynolds v. State, 293 S. W. 178.

Bill No. 2 complains of the action of the court in permitting the state to prove by the officers that they had received information over the telephone from Shreveport to be on the lookout for a man who had whiskey in his possession, it being contended that this testimony involved a conclusion and hearsay statement of a third party made out of the appellant's presence. This bill, as presented, fails to show any error authorizing this court to reverse the case. Furthermore, this evidence was admissible under the doctrine of probable cause authorizing an arrest without a warrant.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.