ANDREW FUNDERBURK v. THE STATE.

No. 13876.    Delivered February 4, 1931.

The opinion states the case.

*V. L. Shurtleff,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for two years.

Operating under a search warrant, officers searched appellant's private residence and found therein a large quantity of whisky. It was appellant's defense, given support in his own testimony, that the whisky had been placed in his residence without his (appellant's) knowledge and consent by a man by the name of Little. Appellant's testimony was also to the effect that the whisky had been placed in his residence while he was away from home. Referring to what a boy who was working for him told him about the matter, appellant said: "After he got back he told me that a guy had walked up to him and told him that he had a truck that was broke down; asked him if he was working for me, and if I was going to come back or stay all night; that he had a truck that was broke down, and that he would like to unload some stuff and put it in the house if I would let him. The boy told me that he told him to come on up, and that it was all right, he could put the stuff in the house. I told the boy that it didn't sound good to me because that fellow used to handle liquor. He said the fellow's name was Little. I had known Little a right smart while ago, three or four years ago."

Appellant further testified he had just returned from a fishing trip when the officers searched his house; that he had not entered the house and did not know there was whisky in it. The officers testified that appellant was in the lot feeding his chickens when they made the search.

The court charged on circumstantial evidence. In his argument to the jury the district attorney used language as follows: "The argument made by defendant's counsel is not applicable to this case because this is not a case solely on circumstantial evidence, the defendant was there in his lot when the officers came and the liquor was in his house, and it can not be a case of circumstantial evidence."

Appellant timely and properly objected to the argument on the ground that it was improper for the district attorney to state to the jury that the case was not one of circumstantial evidence when the court had expressly charged the jury on the law relating to such subject. Also, appellant presented to the court a special requested instruction in writing wherein the jury would have been advised that the state relied upon circumstantial evidence and that the statement of the district attorney to the effect that the case was not one of circumstantial evidence was a mis-

statement of the law and should not be considered by the jury. The objections were overruled, and the court declined to give the requested instruction. The opinion is expressed that the learned judge fell into error in declining to withdraw the remarks. The argument of the district attorney was calculated to nullify the charge of the court applicable to circumstantial evidence. In Rodriquez v. State, 100 Texas Crim. Rep., 11, 271 S. W., 380, on motion for rehearing, Judge Lattimore used language as follows: "Manifestly it would be erroneous for the trial court to give an instruction to the jury, and in the customary language tell them they are to receive the law from the court which is herein given them, and then the state's attorney be permitted to assault any part of the charge and tell the jury that it is not the law, and the court knows it is not the law and did not intend for them to be governed thereby. * * * The court may not give verbal charges to the jury nor may he so sanction statements as to the law of the case made by the district attorney as in effect to make his approval thereof nullify charges already given. If this was a case on circumstantial evidence, as instructed by the court, the assault committed by the district attorney should not have been allowed. We think this conduct of the district attorney and of the learned trial judge such as to necessitate a reversal of this case."

In submitting appellant's affirmative defense, the court instructed the jury, in substance, that if they believed that a man by the name of Little placed the whisky in appellant's house without appellant's knowledge or permission, and that appellant did not know that said whisky was in said house at the time the officers found the same, they should acquit appellant. The doctrine of reasonable doubt was applied to this charge. Appellant timely objected to the charge on the ground, among others, that it required the jury to believe that he did not have knowledge that the whisky was in the house at the time the officers made the search before they would be authorized to acquit him. Under the facts presented by the record, we are of the opinion that the exception was well taken. It was appellant's theory, given support in the testimony, that the whisky was placed in the house by Little without his knowledge or consent. If, upon returning home, he discovered the whisky and knew it was in the house when the officers made the search it would not necessarily follow that his knowledge of such fact would inculpate him, provided he had exercised no personal care, control and management of said liquor. In other words, the mere fact that appellant may have learned, when he reached home, that the whisky was in his house did not render him culpable. However, we do not predicate a reversal upon this matter.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.