W. R. NEWMAN v. THE STATE.

No. 14561. Delivered November 25, 1931.
Rehearing Denied February 3, 1932.

300

The opinion states the case.

*R. G. Hughes,* of San Angelo, and *O. E. Gerron,* for appellant.

*Glenn R. Lewis,* District Attorney, of San Angelo, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is the possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for one year.

From the testimony of H. T. Causey before the jury the following is taken: "I know W. R. Newman, the defendant in this case. When I saw Mr. Newman on this date he was driving down the street in Eldorado, Texas, in a Ford coupe. The sheriff had given me instructions to watch for a fellow, giving me a description of him, as well as the Ford coupe. He did not state what model car it was, but told me to watch for him, and if I found him to bring him over to the office. I watched for him practically all day and I noticed him coming down the street from toward Sonora and going in the direction of San Angelo. After I stopped him I carried him over to the court house. I told him the sheriff wanted to see him. I didn't know for sure I had the man I was looking for and I asked the sheriff if that was the man and he said it was. The sheriff asked him if he objected to him searching his car, and Mr. Newman told him he would rather he would not search the car. The sheriff then told me to hold him until he could get a search warrant ready, and Mr. Newman then said there was no use of that, and he turned around and told the sheriff his car was loaded with whisky. We went out there and got in the car and brought it to the jail and took the whisky out of the car. We found about twenty-five gallons of whisky in the car and the sheriff made a list of it. * * * It was what I would call pretty good whisky."

August Luedecke, the sheriff, testified in the presence of the jury, thus: "I saw the defendant, W. R. Newman, on January 8, 1930, in the town of Eldorado, Schleicher County, Texas. The deputy sheriff,

H. T. Cause, brought him to the court house and I asked him if he objected to me searching his car, and he said he would rather I would not. I then told my deputy to hold him until I could get a search warrant ready, and Mr. Newman and my deputy walked off. Mr. Newman then walked back and said there was no need of that and stated he had a load of liquor."

In addition to the above, the following was given before the court in the absence of the jury: Causey testified in substance that he was told by the sheriff to watch for an old gentleman with a gray mustache, driving a Ford coupe and to observe whether the coupe was loaded and the fenders mashed down to the wheels; that the appellant and the car answered the description mentioned.

The sheriff testified that he had been informed by a man in the railroad camp that there was whisky selling in the camp by a man who was described to the sheriff as an old ranchman, driving a 1920 model Ford coupe; that the man was more than fifty years old, was crippled and had a gray mustache. This was the description given to Causey, and the defendant answered that description. The sheriff did not know the name of the man from the camp who gave him the description. The arrest was made on the first day that Newman was seen, although a lookout for him had been kept from the time the information was given.

Introduction of the testimony of the sheriff showing the result of the search was opposed on the contention that the search was without "probable cause". Appellant contends that the case of Battle v. State, 105 Texas Crim. Rep., 568, 290 S. W., 762, supports his position. The contrary is thought to be true. In view of the precedents, it is clear that the evidence disclosed by the officers, prior to the search of the appellant's car and before he made the declaration in their presence that the car contained whisky, constituted probable cause for the search of the car. Upon the subject the following authorities are deemed in point: Peoples v. State, 107 Texas Crim. Rep., 261, 296 S. W., 536; Silver v. State, 110 Texas Crim. Rep., 512, 8 S. W. (2d) 145; Murray v. State, 115 Texas Crim. Rep., 79, 29 S. W. (2d) 355; Kirk v. State, 111 Texas Crim. Rep., 388, 13 S. W. (2d) 106; McNeal v. State, 112 Texas Texas Crim. Rep., 533, 17 S. W. (2d) 1050; Johnson v. State, 111 Texas Crim. Rep., 395, 13 S. W. (2d) 114; Salinas v. State, 113 Texas Crim. Rep., 142, 18 S. W. (2d) 663; Singleton v. State (Texas Crim. App.), 20 S. W. (2d) 782. The search of the car, however, was not until after the appellant had declared in the presence of the officers that the car contained whisky. Upon that information it seems obvious that the officers were entitled to act, and their action in searching the car and discovering the whisky was available to the state. On the subject see Chapman v. State, 117 Texas Crim. Rep., 150, 39 S. W. (2d) 887; Carter v. State, 22 S. W. (2d) 659. Granting that the appellant was

under arrest at the time he stated to the officers that the car was loaded with whisky, his admission was not rendered inadmissible by the operation of the statute on confessions, article 727, C. C. P. The declaration made by the appellant, having led to the finding of the whisky, was within the exception to the rule excluding verbal confessions made while under arrest which is contained in the statute mentioned.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The mere stopping of a man on a street or highway to talk to him or ask him questions, is not such illegal restraint as amounts to duress, or ipso facto to bring statements then made by him into the domain of statements inadmissible because made while under arrest. There is no showing in this record of compulsion by the officer, when appellant accompanied him to the court house. As stated in the original opinion, the sheriff was in possession of information which, —coupled with what was apparent from an inspection of appellant's car, —furnished probable cause for the search which resulted in finding in said car a large quantity of whisky. We are not able to agree with appellant's contention that the search was without probable cause, or that appellant was under arrest or duress when he gave his consent for the officer to search the car.

The motion for rehearing will be overruled.

*Overruled.*