LEE MARTIN V. THE STATE.

No. 15362.   Delivered November 16, 1932.
Reported in 54 S. W. (2d) 812.

The opinion states the case.

*Williford & Williford,* of Fairfield, and *A. B. Geppert* and *Ellen Victory,* both of Teague, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being two years in the penitentiary.

The sheriff, one of his deputies, and two constables were driving along a road on some business having no connection with appellant. They met a car driven by appellant, who was accompanied by Oscar Woodward. The officers testified that they "suspicioned" there was whisky in the car. The record furnishes no information as a basis for such suspicion save the fact that one of the officers said Woodward was known to be a bootlegger. The officers turned their car around, followed appellant's car, overtook it, and as they passed, signalled appellant to stop, and cut their car in front of appellant's car. One of the officers got out of the car in which they were riding, went back to appellant's car, and said to appellant, "Bud, what have you got there?" to which question appellant answered that they had thirteen half-gallons of whisky. Upon receiving the answer indicated the officer opened the car door and found between the back and front seats the thirteen half-gallon jars of whisky mentioned by appellant.

Bills of exception numbers 2, 3, 4, 5, 6, 7, 8 and 9 all complain in one form or another of the admission in evidence of the result of the search of appellant's car. The officers had no warrant to arrest appellant nor to search his car. It is urged that the facts failed to show "probable cause" which authorized the search in the absence of a search warrant, and,

therefore, that the evidence was received in violation of article 727a, C. C. P. We would have no difficulty in sustaining such contention if appellant had remained silent, as he had a right to do, when the officer asked him what was in the car. Appellant's statement that they had thirteen half-gallons of whisky was res gestae of the very criminal act of transporting the whisky which appellant was then committing. The car had not yet been searched, nor the whisky discovered. If appellant was under arrest the res gestae statement would be admissible, and not in violation of article 727a. The following cases are direct authority supporting the action of the court in admitting the evidence complained of under the circumstances. Carter v. State, 113 Texas Crim. Rep., 433, 22 S. W. (2d) 659; Chapman v. State, 117 Texas Crim. Rep., 150, 36 S. W. (2d) 742; Newman v. State, 119 Texas Crim. Rep., 299, 45 S. W. (2d) 602; Bell v. State, 120 Texas Crim. Rep., 86, 47 S. W. (2d) 839. In the opinions in Chapman's case other authorities are collated which in principle are thought to support the holding there announced.

Bill of exception 1 and 1A present complaint at some language used by the county attorney in his closing argument. The record reflects that appellant was a young negro, 23 years of age. He filed an application for suspended sentence. He used only one witness, a negro, who testified that he had known appellant all his life, and that appellant had never been convicted of a felony in this or any other state, and had never been convicted of any violation of the law, and had never been prosecuted for anything. The state did not by any evidence combat the application for suspended sentence. The court correctly instructed the jury that, in the event of conviction, they could recommend that sentence be suspended if they found appellant had never been convicted of a felony in this or any other state. In his closing argument the county attorney said: "Gentlemen, the defendant is not entitled to a suspended sentence; if he has a good reputation why did he not bring some good men down here from Navarro County and prove it; he has just brought one nigger here, *he is not entitled to a suspended sentence unless he proves a good reputation,* and he has brought no one here, but one nigger."

Appellant objected to said argument, and requested the court to then instruct the jury that the statement of the county attorney was not the law, but that the proof required by statute was that appellant had never been convicted of a felony. The court refused to give such instruction. Appellant then pre-

pared a written special charge upon the subject of the proof required as to suspension of sentence. The court likewise refused to give such special charge.

Article 778, C. C. P., requires the court to submit to the jury only the question as to whether an accused seeking a suspended sentence had ever before been convicted of a felony. It does provide that "the court shall permit testimony as to the general reputation of defendant to enable the jury to determine whether to recommend the suspension of sentence." Upon filing an application for suspension of sentence appellant placed his general reputation in issue. He could have offered evidence as to his general reputation to support his application, likewise, the state could have offered evidence to defeat it; neither was done. If the statement of the county attorney could be regarded only as an expression of his opinion that the suspended sentence should not be recommended in the absence of proof of good reputation it would perhaps not call for a reversal. From the manner in which the question arose, the statement appears to have gone further than the mere expression of an opinion. The jury unquestionably had the power and right to recommend the suspension of sentence in the absence of proof of good reputation if, under the circumstances of the case, they thought it proper to do so. However, the county attorney told them that appellant was not entitled to a suspended sentence *unless he had proved a good reputation.* This language was objected to in the jury's presence as being an incorrect statement of the law. It was incorrect, and not in accord with the court's instruction on the subject. The court declined to tell the jury that the statement objected to was not the law, and refused the special charge requested regarding the matter. This action may have been regarded by the jury as an endorsement by the court of what the county attorney had stated the law to be. In support of the proposition that the incident discussed calls for a reversal appellant cites Nichols v. State, 110 Texas Crim. Rep., 432, 10 S. W. (2d) 109. Other authorities in point are Rodriguez v. State, 100 Texas Crim. Rep., 11, 271 S. W., 380; Funderburk v. State, 117 Texas Crim. Rep., 182, 35 S. W. (2d) 417; Williams v. State, 117 Texas Crim. Rep., 356, 35 S. W. (2d) 726; Bergdorf v. State (Texas Crim. App.), 20 S. W. (2d) 778.

For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*