JOHN EDWARDS V. THE STATE.

No. 16466.   Delivered February 28, 1934.
Reported in 68 S. W. (2d) 1049.

The opinion states the case.

*Byton Skelton,* of Temple, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was charged by indictment with the offense of assault with intent to murder and was convicted of the offense of aggravated assault, and his punishment assessed at a fine of $100.00 and 30 days in jail.

The testimony adduced upon the trial, briefly stated, is as follows: On the night of June 3, 1933, W. J. Wall and Ernest Andrews invited the appellant to go with them to a dance at Midway. When they reached the dance hall the appellant decided that he was not suitably dressed for the occasion and told Mr. Wall and Mr. Anderson that he would return to their car and wait for them until they were ready to return to Temple. Harry Groves, the injured party, and Miss Viola Story were also at the dance sitting in a car, and as the appellant passed their car in going to his car some unpleasant remark was passed between the appellant and the said Harry Groves. Groves got out of his car and struck the appellant on the left side of the head and hit him across the left arm, which almost paralyzed it, whereupon the appellant got his pocket knife and cut Groves two or three times. Groves then turned the defendant loose and yelled, "He has cut me, he has cut me." The injured party was then taken to the hospital at Belton where his wounds were dressed and treated. The testimony further shows that the injured party had taken several drinks of whisky that night, while the testimony shows that the defendant had not taken a drink that night or that day and had never had any trouble before, while the injured party had had trouble on several occasions at or near said dance hall. The doctor who treated Harry Groves testified that he found three severe cuts on the left-hand side of the neck; that he was weak from the loss of blood but had recovered fairly well from the injury and that he would be all right.

By bill of exception No. 1 the appellant complains of the closing argument of the district attorney who employed the following language: "You would not be justified in finding John Edwards not guilty of murder if he had murdered Harry Groves. If John Edwards would not have been justified in killing Harry Groves, then he would not be justified in assaulting Harry Groves with intent to kill him. The law justifies a man for killing another man for insulting a female friend," to which argument the appellant objected for the reason that the statements amounted to allowing the district attorney to testify before the jury without first having been sworn and without, according the defendant, the right to cross-examine and because

said statements amounted to an oral charge to the jury on the law of this case, the same not having been read to the jury by the court in his main charge, and he further objected to the following part of the argument of said district attorney, to-wit: "The law justifies a man for killing another man for insulting a female friend," because it was not the law and the jury would conclude that if it was not the law the court would have told them it was not the law and they would reasonably conclude that if a man has the right under the law to kill a man for insulting a female, he would certainly have a right to kill a man for insulting his lady friend or fiancee, which objections were by the court overruled and the appellant then and there excepted. Thereupon, the appellant by written motion requested the court to instruct the jury not to consider such statements or argument of the district attorney, which motion was also overruled. The bill of exception further shows that appellant objected to the ruling of the court for all of the reasons pointed out in said bill, which was approved by the court without qualification. Under the circumstances, we believe that the bill is sufficiently certain and definite in pointing out the objectionable part of the argument to justify this court in considering the same. If the objection had gone to all of the remarks of the district attorney, as first set out in the bill of exception, part of which was justified and part of which was not, we would not be justified in considering the same, but inasmuch as the bill of exception specifically sets forth the objections to the latter part of the district attorney's argument shown in the bill, we believe it is sufficient. Mere verbal insults to a female relative would not justify a person, under the law, to take the life of another, but from this argument, under the uncontradicted facts that the injured party struck the first blow and in view of the fact that the court charged the jury that the defendant had a right to defend himself against an unlawful and violent attack at the hands of the injured party, the jury may have concluded in view of such argument that, although the injured party struck the first blow, he had a right to do so because of an insult to his female friend, and that the attack which he made upon the appellant was not an unlawful attack. The argument of the district attorney was a contradiction of the court's instruction to the jury and the court should have, upon objection of the appellant, instructed the jury not to consider that part of the argument of the district attorney. In support of the views expressed we refer to the following cases, to-wit: Rodriguez v. State, 100 Texas Crim. Rep., 11, 271 S. W., 380; Funderburk v. State, 117 Texas Crim. Rep., 182;

Davis v. State, 114 Texas Crim. Rep., 621.

There are many objections to the court's charge, but in reviewing the charge we have concluded that on the whole the court adequately submitted the law of the case to the jury, with the exception that the court charged the law on provoking a difficulty, and if the court deemed such a charge necessary it should have also submitted the converse of said theory.

For the error above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.