## JACK COTHRAN V. THE STATE.

No. 20437. Delivered May 31. 1939.
Rehearing Denied June 21, 1939.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Conviction is for the possession of intoxicating liquor in dry area for the purpose of sale; the punishment assessed is a fine of $100.00.

The State proved by Huts Owen, a deputy sheriff of San Saba County, that on the morning of the 10th day of October, 1938, he was informed by telephone from Llano that appellant had "loaded pretty heavily and started towards San Saba." The deputy sheriff, accompanied by an agent of the Texas Liquor Control Board, went out on the road leading from San Saba to Llano, met appellant, stopped him, searched his automobile without a search warrant and found two cases of whisky, containing 38 pints, ten half-pints and one quart on the outside of the cases. There were also 144 cans of beer.

Appellant was arrested, the liquor was seized, and the officers carried him and the liquor to San Saba.

Appellant, by bill of exception number one, complains of the admission of testimony by the officers relative to what they discovered as a result of the search of appellant's car without a search warrant. His objection thereto was that the arrest was without a warrant and the search of his automobile illegal; that consequently the evidence discovered as a result of the search was inadmissible under Art. 727a C. C. P. Under Sec. 30 of Art. 666 P. C., officers have a lawful right to make an arrest for a violation of the liquor law and to search on probable cause. If the officers had probable cause to make the arrest, then the evidence discovered as a result of the contemporaneous search was admissible.

In order to determine this question, we must examine the testimony relative thereto. The deputy sheriff testified on the subject as follows: "Before we went out on the road and met them I got a phone call from Llano telling me that Jack Cothran, loaded pretty heavily, had started toward San Saba, and needed to be met. That was the reason I went out there."

This is the only information which the officers had. If this could be held to constitute probable cause for the arrest of appellant and the search of his automobile without a warrant, then the arrest was legal and the evidence admissible. The information conveyed by telephone to the officers is not, in our judgment, sufficient to convey the idea that appellant was heavily loaded with intoxicating liquor. The information was too indefinite and uncertain to show that appellant was loaded with whisky, so as to constitute probable cause for his arrest without warrant. It was not stated by the informant whether appellant was driving a truck and that it was "loaded pretty heavily" so as to constitute a violation of the truck load law, or whether he was carrying whisky in violation of the liquor law. The law authorizing a person's arrest and search on probable cause for violating the liquor law is more liberal than in other instances, and we do not feel justified in extending or enlarging it by judicial construction.

From what has been said, it follows that the judgment of the trial court must be reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Judge.

The State appears to rely largely upon our opinion in Martin v. State, 122 Texas Cr. R. 174, 54 S. W. (2d) 812, as a precedent for its contention that probable cause existed for the search of appellant's car in the present case.

The facts in Martin's case show that when the officers asked him what he had he replied that he had thirteen and a half gallons of whisky. In the present case appellant only said to the officers "I am loaded." In other words nothing appellant said to the officers supplemented the indefinite information conveyed to them over the telephone. We think the same distinction is apparent in the other cases cited by the State in its motion.

The State's motion for rehearing is overruled.