## H. D. MERRICK v. THE STATE.

No. 22307. Delivered December 2, 1942.
State's Motion for Rehearing Granted January 6, 1943.
Appellant's Motion for Rehearing Denied January 27, 1943.

The opinion states the case.

*W. E. Martin* and *John W. Reid*, both of Abilene, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted for a violation of the liquor laws and assessed a penalty of fifteen days in jail. The statement of facts before us shows that appellant was arrested by an officer on the streets of Abilene on the night of April 4, 1942, at which time he had on his person eight pints of whisky. This is sufficient to raise a presumption that he had it in his possession for the purpose of sale.

We find an agreement to the effect that Taylor County was, at the time, a dry area. There is also in the record a copy of City Ordinance Number 46 which authorized the witness to arrest appellant without warrant if "found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threatened, or are about to commit some offense against the law."

There is no evidence in the case indicating the condition under which the appellant was arrested or which shows any act or conduct on his part that would reasonably cause the officer to think that the party was about to commit an offense against the law, or anything else which would authorize his arrest. It was only shown that he was arrested on Chestnut Street.

By proper bill of exception, appellant brings forward his objection to the introduction of this testimony wherein the officer testified to the finding of the eight pints of whisky on his person. We think it perfectly clear that the testimony objected to should have been sustained: Cothran v. State, 129 S. W. (2d) 300.

Judgment of the trial court is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

From the State's motion for rehearing in this cause, it appears that evidence was offered showing the conditions under

which appellant was arrested and that it is in compliance with the city ordinance.

This evidence was taken separate and apart from the jury but should have been included in the statement of facts. The judge included it in his qualification of the bill, and the effect of that qualification did not impress us on the original submission. Inasmuch as the officer was authorized to arrest appellant, the admission of the testimony to the finding of the whisky on appellant was proper.

The State's motion for rehearing is granted and the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains relative to the holding in our opinion of affirmance as to the arrest of appellant without a warrant.

Without going into the facts seriatim, we think they were abundantly present in the actions of appellant as shown by the proof that he was a "person found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or (that they) threatened to commit some offense against the law." Under such circumstances we think his arrest without a warrant was justified under the law.

Appellant appears to be concerned with the following statement in the opinion affirming this judgment, as follows: "This evidence was taken separate and apart from the jury but should have been included in the statement of facts." His concern being over the definition of a statement of facts found in Art. 760, C. C. P., subdiv. 5, wherein such is defined as including only the facts adduced upon the trial on the issue of guilt. Oftentimes it becomes necessary for a jury to be retired and the admissibility of evidence is gone into in the presence of the trial court, which matter is often decided by him, and in the event this ruling is challenged by the accused, the testimony taken in the court's presence, with the jury absent, should be brought before this court to aid us in a review of such action. We think appellant need fear no alarm over the statement in our opinion. Many times testimony relative to

peremptory or dilatory motions prior to the trial, during the trial, and on motions for a new trial, is often presented to this court and considered in order to give us a knowledge of the matter passed upon by the trial court, and over which some issue might be made.

We think this appellant was acting in such a manner as to warrant his arrest without a warrant under the ordinance of the City of Abilene, and the testimony discovered thereby was admissible.

The motion is overruled