### MAE KING V. THE STATE.

No. 22658. Delivered December 15, 1943.
Rehearing Denied January 26, 1944.

The opinion states the case.

*J. M. Parker,* of Gorman, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Conviction for a violation of the local option laws, and a fine of $100.00 therefor.

There are neither statement of facts nor bills of exceptions in the record. There is complaint, however, upon the part of appellant's attorney, in his brief filed herein, because of the fact that the information herein was filed on the day of the trial, and that he was therefore deprived of the statutory time of two days in which to prepare for trial, as allowed him in Art. 514, C. C. P.

It is not shown to us by means of any motion duly filed at the proper time, nor any bill of exceptions taken at the proper time, that appellant desired or requested such time of two days after the filing of such information, and her objections to going to trial immediately only appear in the brief filed herein. This

brief is not a part of the record in the trial in the court below, and can not be considered as such. For aught the record shows, appellant may have waived such statutory right. Had she not thus waived, her objections to going to trial at such early date should have been properly made and should appear in the record.

Under the condition the record herein is presented, we find no error, and this cause is therefore affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In her motion for rehearing appellant contends that we erred in declining to reverse the judgment of the trial court on the ground that there were no bills of exception or statement of facts nor any motion filed at the proper time showing that she desired two days' time after the filing of the complaint and information in which to prepare for trial and to file pleadings. She now points out that in her motion for new trial it is charged that she should have had two full days in which to get ready for trial after the information was filed, all of which was called to the attention of the trial court at the time of the filing of the information herein. She makes no contention of having any bills of exception in the record or a statement of facts accompanying the same. Her only claim is predicated upon the allegation in her motion for new trial that at the time of the filing of the information she had called the trial court's attention to the fact that she desired two days' time in which to prepare for trial. She contends that this allegation is sufficient to show that she requested two days' time in which to prepare for trial after the filing of the information and that this request was denied her by the trial court. The motion for new trial was but a pleading, an ex parte statement, and it is not shown that any evidence was introduced upon the motion to sustain the allegations therein. The allegations did not prove themselves. Hence there was nothing presented to this court for review. Had appellant desired two days' time in which to prepare for trial, she should then and there have filed a motion requesting such time and have the court act thereon, and in case the court had overruled her motion, she should have taken an exception and brought the matter forward by a proper bill of exception.

Believing the case was properly disposed of on the original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.