# APRIL, 1948

### PRIMO BAEZA V. THE STATE.

No. 23961. Delivered March 10, 1948.
Rehearing Denied April 21, 1948.

*E. B. O'Quinn,* of Marfa, for appellant.

574

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was sentenced to the penitentiary for fifty years, upon a jury's verdict, on a charge of murder.

The record is before us without statement of facts and bills of exception. A brief has been filed which refers to the motion for new trial and contains an extended discussion relative to the action of the court in permitting the widow of the deceased to testify, and give certain evidence regarding the action of appellant's brother, after she had remained in the court room while other witnesses were testifying. Appellant seems to be under the impression that this question of fact could be brought into the record by his motion for a new trial. All fact questions are presented from the witness box and not by pleadings. It is discussed in his brief as "Appellant's Assignment of Error No. 1." Frequently we have called attention to the law requiring such matters to be brought to this Court by bills of exception approved by the trial judge. Matters raised only in the attorney's brief cannot be considered, except that which discusses questions revealed by the record. We are unable to find anything in the record pertaining to the matter discussed other than that in appellant's pleading. This pleading was controverted by the State and the issues drawn. If any evidence was taken on the subject it is not before us.

Finding no reversible error, the judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant seriously contends that we erred in our original opinion in this case by declining to sustain his allegations in a motion for a new trial filed in the court below based on the contention that the widow of the deceased who was placed under the rule, but violated the same by sitting in the courtroom and after hearing all of the evidence was permitted by the court to take the witness stand and, over the objection of appellant, testify that prior to the homicide, a brother of appellant called at her home with a car and took her husband and her son away on the afternoon of the homicide and that she never saw them alive again. No exception was taken to the action of the trial court relative to the alleged

proceeding, and no exception is brought forward in the record showing that he timely objected thereto. The only way in which this matter is presented is in his motion for a new trial. The evidence in support of the allegations in the motion, if any was introduced, is not brought forward. Therefore, this court cannot say that such did, in fact, occur. The motion is but a pleading and the allegations therein made must be sustained by evidence and this evidence must be brought forward in a statement of facts. The allegation in the motion is not any evidence of the facts therein charged. See Mier v. State, 120 Tex. Cr. R. 397 (49 S. W. (2d) 757); and King v. State, 146 Tex. Cr. R. 572 (176 S. W. (2d) 954).

He also claims that the action of the trial court, as set forth in his motion for a new trial, constituted a violation of the 14th Amendment of the Constitution of the United States. We admit that we are at a loss to understand by what process of reasoning appellant reached such a conclusion. We do not deem it necessary to write further on the subject as it would not serve any useful purpose.

The motion for a rehearing is overruled.

Opinion approved by the Court.