## FRED COX V. STATE.

No. 25460. November 21, 1951.
Appellant's Motion for Rehearing Granted January 16, 1952.
State's Motion for Rehearing Denied February 27, 1952.

Hon. Fred W. Bankhead, Judge Presiding.

*Arthur G. Henry*, Kaufman, and *Burt Barr*, Dallas, for appellant.

*Robert K. Ramsey*, County Attorney, *Jack Morgan*, Assistant County Attorney, Kaufman, and *George P. Blackburn*, State's Attorney, Austin, for the State.

MORRISON, Judge.

The offense is the unlawful sale of whiskey in a dry area, prior convictions being alleged for the purpose of enhancing the penalty; the punishment, 30 months in jail and a $1,000.00 fine.

One Barrett, an officer of the Texas Liquor Control Board, testified that on the day charged in the information he went to appellant's home and bought certain whiskey. He further stated that Mrs. Cox, appellant's wife, was present at the time the purchase was made.

Appellant did not testify, but offered his wife as a witness who testified that she was a school teacher and that on the day in question Barrett had come to their residence and tried to buy some whiskey but denied that her husband had sold him any.

In cross-examination, the state asked Mrs. Cox if she had any other means of livelihood than teaching school. She replied that she sold certain handiwork but nothing else. She denied that she had sold Barrett any whiskey.

In rebuttal, the state called Barrett, who testified that some time after the sale involved in the instant prosecution he had bought whiskey from Mrs. Cox herself.

Bill of Exception No. 1 as qualified by the court presents no error.

Bills of Exception Nos. 2 and 3 deal with the introduction of evidence concerning the prior convictions. These bills merely state the grounds of the objection without any certificate from the court that the facts which form the basis of the objection are true. A bill of exception must present a question for review, and that is not done by a mere recitation of the objection made. Tex. Digest Crim. Law 1092 (14).

What has been said about the preceding two bills of exception applies to Bill of Exception No. 4; however, the bill merely reflects proof of the prior convictions alleged to enhance the punishment, and the fact that the witness used the expression "bootlegging" reflects no error.

Bill of exception No. 5 complains of the cross-examination of Mrs. Cox, as shown above. The objections were that such testimony was:

1. Not germane to anything asked on direct examination.

2. That it was entirely a separate matter.

3. That it was a new matter not relevant to matters brought out on direct examination.

It will be noted that the bill does not show the answer given by the witness and therefore presents nothing for review. 4 Tex. Juris., Sec. 211, p. 303. However, it will be observed that appellant considered the matter as one in which the cross-examination

of the wife went beyond the scope of her examination in chief. This observation is fortified by the position taken by appellant in his brief. No such question is here presented.

Had the objection been that it was an effort to impeach a witness by proof of other offenses not involving moral turpitude, then an entirely different question would have been presented. The objection as made did not call the trial court's attention to the above rule of evidence, and therefore the same is not before us.

What has been said in connection with Bill of Exception No. 5 applies to the objections set forth in Bill of Exception No. 6 relating to the rebuttal testimony of the witness Barrett.

Bill of Exception No. 7 complains that the court in his charge submitted only the enhanced punishment and did not tell the jury that they might find appellant guilty of the primary offense only.

This being a misdemeanor case, the appellant is required to do three things in order to bring up a question relative to the court's charge. He must:

1. Object to the charge,

2. Reserve his exception, and

3. Submit a substantially correct requested charge. Lemuel v. State, 155 Tex. Cr. R. 614, 237 S. W. (2d) 982.

He failed to do the latter. However, in this connection, it will be noted that the court charged that appellant's guilt depended on the jury's finding beyond a reasonable doubt that he was guilty, not only of the primary offense charged, but also of prior convictions charged in the indictment.

This placed a greater burden upon the state and therefore in that respect was more favorable to appellant, and he cannot here complain. Punchard v. State, 142 Tex. Cr. R. 531, 154 S. W. (2d) 648.

What has been said above disposes of the complaint brought forward in Bill of Exception No. 8.

Bill of Exception No. 9 complains that the trial court orally instructed the jury in answer to a question in writing from them as to where to write their verdict.

There is not a sufficient showing in the bill as to what transpired to inform this court of any injury to appellant. What does appear would lead us to conclude that none occurred.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

In our original opinion, we disposed of appellant't Bills of Exception Nos. 5 and 6 on the grounds that the objection made at the time of the introduction of the testimony concerning the sale of whiskey by appellant's wife was not a sufficient objection to call the trial court's attention to the rule of evidence relied upon by appellant.

We have not been cited the rule which must control herein, but find it expressed in Schwartz v. State, 120 Tex. Cr. R. 252, 46 S. W. (2d) 985, and Pierson v. State, 145 Tex. Cr. R. 388, 168 S. W. (2d) 256, as follows:

"* * * Where evidence is obviously hurtful and inadmissible for any purpose, a general objection on the ground that it was immaterial and prejudicial would not render the bill complaining of its admission defective."

A sale of whiskey by appellant's wife would, under no circumstances, be admissible against appellant and therefore comes within the rule hereinabove expressed.

Appellant's motion for rehearing is granted; judgment of affirmance is set aside; and judgment of the trial court is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING

GRAVES, Presiding Judge.

The state has briefed and argued the proposition that the motion for rehearing on the part of the appellant which was granted was an error and should be set aside and this cause affirmed as was done in our original opinion herein.

In our opinion on the appellant's motion for rehearing we held that the objection to the testimony of A. J. Barrett, the

Texas Liquor Control Agent, was not sufficiently explicit to call the trial court's attention to any matters relative to the testimony of Mr. Barrett that were objectionable. It is shown in Bill of Exception No. 5 herein that the state, on cross-examination of the appellant's wife, asked her whether she had ever sold any whiskey to A. J. Barrett, the Texas Liquor Control Agent, to whom it was alleged that appellant himself had sold whisky. Appellant objected to such question on the ground that "it was not germane to anything asked on direct examination; that it was entirely a separate matter; that it was a new matter not relevant to matters brought out on direct examination." The court overruled the objection and permitted the witness to answer the question. This bill itself does not show what answer the witness made thereto, and therefore it might be said that the bill is incomplete, but in Bill of Exception No. 6 immediately following, the state re-introduced the witness A. J. Barrett, the Texas Liquor Control Agent, who was then allowed to testify that he bought whisky from the defendant's wife, Mrs. Fred Cox, a couple of nights after the date on which this prosecution is laid, and that he had filed a case against her for such sale. This testimony was objected to by the defendant at the time it was offered upon the grounds that "it was prejudicial, irrelevant and immaterial, and had no bearing whatsoever on the case; that it was an impeachment of the defendant's wife on the questions asked on cross-examination which were not germane to the testimony given on direct examination by said witness, Mrs. Fred Cox, wife of the defendant." The court overruled this objection and admitted said testimony on the part of said Texas Liquor Control Agent, A. J. Barrett.

It is suggested by the state that this objection to the testimony of the Texas Liquor Control Agent was not sufficient to call the court's attention to the error complained of and therefore should not be considered herein.

The objection might have gone further and suggested to the court that the sale of whisky was not an offense involving moral turpitude, but aside from this, it seems to us that it was as fair an objection as could be leveled against this portion of the testimony.

The fact that appellant's wife sold whisky to the witness in question two days after the alleged occurrence set forth in this cause seems obviously immaterial and irrelevant for any purpose. It seems to have no bearing on this case, and also seems

to have been an impeachment of the appellant's wife by questions that were asked her on cross-examination which were not germane to the testimony given by her on direct examination.

We think we were correct in granting the appellant's motion for rehearing and in reversing this cause by virtue of Bills of Exception Nos. 5 and 6 herein set forth.

The state's motion for rehearing is overruled.