JOHN EARL HUSKEY V. STATE

No. 25438. February 6, 1952.

Hon. Lea Boothe, Judge Presiding.

*Fred C. Chandler,* Colorado City, for appellant.

*James Pearson,* County Attorney, Sweetwater, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is possession of beer in a dry area for the purpose of sale; the punishment, a fine of $500.00.

Bill of Exception No. 1 complains of proof of the dry status of Nolan County. The bill presents no question for review because it is a mere statement of the grounds of the objection and

contains no certificate that the facts which form the basis of the objection are true. Texas Digest, Crim. Law 1091(10); Martinez v. State, No. 25,563, 246 S.W. (2d) 633; and Garza v. State, No. 25,510, 246 S. W. (2d) 635.

Bill of Exception No. 2 complains of the introduction of the alcoholic spirits in evidence on the grounds that the search warrant was defective in that "the affidavit for the search warrant is insufficient as it does not describe the location of the place and premises in question." This being the sole objection set forth in the bill, our consideration is limited thereto. This is true because we sit in review of the rulings of the trial court, and the objection must have been made to him in order to be raised in this court, except in those rare cases where fundamental error is presented. The court's qualification of the bill negatives the assertions set forth therein; therefore, no error is shown.

Bill of Exception No. 3 complains that a statement of prosecutor was a comment on the appellant's failure to testify. The bill does not contain a certificate that appellant, in fact, did not testify. The bill, at most, reflects a discussion between the prosecutor and appellant's counsel.                        ,

State's motion for rehearing is granted; the original opinion is withdrawn; judgment of reversal is set aside; and judgment of the trial court is now affirmed.