CHRISTINE TAYLOR V. STATE.

No. 25732. March 19, 1952.

Hon. Jack Roberts, Judge Presiding.

*Paul T. Holt* and *J. J. Brady, Jr.,* Austin, for the appellant.

*Bob Long,* District Attorney, *Thomas D. Blackwell,* Assistant District Attorney, and *George P. Blackburn,* State's Attorney, all of Austin, for the state.

DAVIDSON, Judge.

The offense is murder; the punishment, five years in the penitentiary.

That appellant killed Artelie Johnson by stabbing her with a knife is not denied but admitted.

The defensive theory of self-defense from the actual as well as apparent attack of the deceased, a lack of intent to kill, and aggravated assault were pertinently submitted to the jury, and in such manner as that no exception or objection was reserved to the court's charge. The question of suspended sentence was raised by pleading and proof.

It was the province of the jury to accept the state's testimony, which warranted their conclusion of guilt.

Bill of Exception #1 shows that an application for a suspended sentence had been filed; that appellant had testified she had never before been convicted of a felony; and that no witnesses for the state or the appellant had testified that appellant's general reputation for being a peaceable and law-abiding citizen was good or that it was bad. The bill then sets forth the argument complained of, as follows:

"Now, we get down to my pet, and that is the suspended sentence. This defendant has made application for suspended sentence. Now, when she made that application, she had the right to bring any witnesses she wanted in here, it put her reputation in issue. She had the right to bring any witnesses she wanted in here to tell you what a good girl she was, and what a good life she had lived, and that she was a good, peaceable, law abiding citizen, and therefore since this was her first major crime, that she would be entitled to a suspended sentence, but have you heard one character witness for this defendant? Out of the thousands of people over there and the thousands in Bastrop she couldn't bring forward one single, solitary witness to you that said her reputation was good for being a peaceable and law abiding citizen. Not one single, solitary witness did she bring in here."

The objection to this argument was as follows: ". . that the same was not proper argument, and improperly orally stated the law to the jury contrary to the law contained in the court's written charge in regard to the suspended sentence and the method of obtaining the same."

Obviously, then, it was appellant's contention that the argument was an incorrect statement of the law relative to a suspended sentence. The argument must be appraised in the light of this objection.

When appellant filed her application for a suspended sentence, she placed her reputation in issue as a peaceable and law-abiding citizen and thereby authorized either party to introduce evidence upon that reputation. Art. 778, C. C. P.; Whitlock v. State, 123 Tex. Cr. R. 279, 58 S. W. 2d 109; Moore v. State, 125 Tex. Cr. R. 233, 67 S. W. 2d 610; Jones v. State, 125 Tex. Cr. R. 616, 69 S. W. 2d 773; Black v. State, 130 Tex. Cr.

R. 94, 92 S. W. 2d 255; Stewart v. State, 148 Tex. Cr. R. 480, 188 S. W. 2d 167.

State's counsel was therefore amply justified in arguing to the jury that appellant had the right to bring witnesses supporting her good reputation and thereby lend support to her application for a suspended sentence. Having the right to make such argument, state's counsel was equally justified in commenting upon the failure to call witnesses to attest her good reputation. Overby v. State, 92 Tex. Cr. R. 172, 242 S. W. 213.

In submitting the law of suspended sentence the trial court instructed the jury to the effect that it was their province to suspend sentence in the event they found appellant had never before been convicted of a felony in this or any other state and her punishment not fixed at a term of years in excess of five years in the penitentiary. No limitation or reference to proof of good reputation was made in the charge. Such charge was not subject to any valid objection.

Also in the charge the trial court instructed the jury that they were the exclusive judges of the facts proved, but were bound to receive the law from the court given in the charge and be governed thereby.

It is in the light of these instructions to the jury that appellant insists that the argument complained of orally instructed the jury upon a question of law contrary to that contained in the trial court's charge.

Appellant contends that the argument has the effect of orally instructing the jury that defendant was not entitled to a suspended sentence unless she first proved a good reputation. The objections appellant registered to the argument at the time it was made are not as specific as the grounds she now urges against the argument. As supporting her contention that the argument was subject to the objection made thereto, appellant relies upon Martin v. State, 122 Tex. Cr. R. 174, 54 S. W. 2d 812.

The argument complained of in that case was the direct statement of the prosecuting attorney that the accused " 'is not entitled to a suspended sentence unless he proves a good reputation.' " The objection there made to the argument directly challenged the statement as an incorrect statement of the law, and in addition a special charge was requested upon the proof

required to authorize a suspended sentence. It was under these circumstances that the argument in the Martin case was held erroneous.

We are unable to reach the conclusion that the Martin case is authority for holding the instant argument erroneous. Our inability to do so is based on two reasons: (1) The argument is not susceptible of the construction that it erroneously announced to the jury and incorrect statement of the law, and (2) no sufficient objection was registered to the argument that would point out the error in the argument now claimed.

It was, here, the province of state's counsel to call the jury's attention to the fact that appellant had offered no witness attesting her good reputation as a peaceable and law-abiding citizen as a fact for the jury's consideration in determining whether sentence should be suspended.

The argument here complained of is susceptible of the above construction. The trial court, therefore, did not err in overruling appellant's objection thereto:

Bill of Exception #2 also complains of argument of state's counsel upon the subject of suspended sentence. The argument complained of appears to have been authorized under the law and the court's charge, as given. We deem it unnecessary to enter into a detailed discussion thereof.

Bill of Exception #3 complains of the introduction in evidence of antecedent acts of misconduct on the part of the appellant. Upon objection, the testimony was withdrawn from the jury with an instruction that it be not considered.

The judgment is affirmed.

Opinion approved by the court.