## Carl Jackson v. State

No. 28,013. February 8, 1956.

Appellant's Motion for Rehearing Denied (Without Written Opinion) March 21, 1956.

*Desmond E. Gay,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is burglary with a prior conviction for an offense of like character alleged for the purpose of enhancement; the punishment, twelve years in the penitentiary.

The state's witness, Glauser, testified that a building which he owned and occupied was entered, while it was closed, by someone without his consent by removing a screen and forcing

a window open; and that several blank checks which were in a desk in the building were taken which he identified at the trial as State's Exhibits Nos. 1 and 2.

Two witnesses for the state identified appellant as being the person who came into their places of business, introduced himself as Jerry Perlitz and presented identification papers indicating that he was such person and passed checks to them which they identified as the checks which were marked State's Exhibits Nos. 1 and 2.

Proof was offered that the name of the appellant was Carl Jackson.

It was stipulated that appellant was the same person who was convicted in the prior case alleged.

Appellant did not testify or offer any evidence in his behalf.

We find the evidence sufficient to support the conviction.

Appellant contends that the trial court erred in refusing appointed counsel time to prepare his defense which deprived him of his liberty without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

Bill of Exception No. 1 reveals that on July 19, 1955, the judge of the criminal district court of Harris County appointed an attorney to represent appellant and advised him that the case was set for trial that day, at which time the appointed attorney orally requested the court to reset the case in order to allow him time to make an investigation and prepare a defense, which request was denied.

The judge of the criminal district court of Harris County qualified said bill as follows: that he had no recollection of any request for a postponement being made; that on the day of the appointment he transferred said cause to Criminal District Court No. 2 of Harris County, and had no knowledge of the procedure followed upon the trial of that court; and that no objection was made to any action of the court prior to the transfer of the case.

The proof in the statement of facts does not reveal any defense.

The judgment reveals that when this case was called in Criminal District Court No. 2, appellant announced ready for trial. It is not shown that any motion for a postponement or a continuance was duly presented. Under this record, it appears that appellant is in no position to complain that he was placed on trial at the time the case was called. 12 Tex. Jur. 618, Sec. 285; King v. State, 146 Tex. Cr. R. 572, 176 S. W. 2d 954.

Finding no reversible error, the judgment of the trial court is affrmed.

Opinion approved by the court.