WALTER JESSE SIDDALL V. STATE

No. 33,717.   October 25, 1961

*Robert C. Benavides,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *George Milner, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

Appellant was convicted of driving while intoxicated and his punishment assessed at ten days in jail and a fine of $200. Trial was had before the court on appellant's plea of not guilty.

The state's evidence shows that appellant, driving a truck, had an accident with a car; that when the investigating officer arrived at the scene, appellant had a "strong odor of alcohol and he swayed as he leaned up against the truck —he had no support for his feet" and had "slurred speech" and "staggering walk" and a "red flushed face"; that, in the officer's opinion, appellant was intoxicated; that he submitted to a blood test whicn showed an alcohol concentration of 0.192 per cent and that such would mean that appellant was intoxicated.

Appellant admitted the accident and driving the truck and that he had "taken two little drinks" before the accident but denied that he was intoxicated. He called two witnesses, who testified that he was not intoxicated prior to the accident.

As trier of the facts, the trial judge resolved the conflict against appellant and found him guilty. The evidence is sufficient to support the trial court's judgment.

Appellant's sole complaint on appeal is that the trial court erred in taking into consideration his prior convictions, in assessing punishment.

Appellant relies upon formal bill of exception No. 1 to show this alleged error.

This bill of exception consists only of the facts leading up to the filing of the amended motion for new trial, and states as follows:

"BE IT FURTHER REMEMBERED that at due and proper time the defendant filed his Amended Motion for a New Trial * * *."

The amended motion is set out in full in the bill. The trial court overruled said motion and the bill was signed, without qualifications, by the trial judge.

It appears to be appellant's position that the language in the amended motion for new trial, which is in the formal bill of exception, proves itself and is true.

The mere incorporation of the alleged grounds for new trial in the bill of exception, not verified as facts by the trial judge, presents no error. Ticer v. State, 166 Tex. Cr. Rep. 334, 313 S.W. 2d 301; Mayse v. State, 156 Tex. Cr. Rep. 360, 242 S.W. 2d 371; Cox v. State, 157 Tex. Cr. Rep. 51, 246 S.W. 2d 474.

A bill of exception which merely states the grounds of objection to introduction of evidence concerning prior convictions, without any certificate from the court that the facts forming the basis of objection were true, presents no question for review on appeal. Cox v. State, supra; Ellithorpe v. State, 167 Tex. Cr. Rep. 266, 320 S.W. 2d 350.

The allegation in motion for new trial is not any evidence of the facts therein charged. Baeza v. State, 151 Tex. Cr. Rep. 573, 210 S.W. 2d 163; Cartwright v. State, 158 Tex. Cr. Rep. 344, 255 S.W. 2d 878.

A bill of exception simply complaining of the overruling of appellant's motion for new trial, without further showing error, calls for no consideration. Alexander v. State, 131 Tex. Cr. Rep. 568, 101 S.W. 2d 568.

There is no showing in this record that the trial court did in fact base the penalty upon appellant's record. To the contrary, the statement of facts filed herein shows that appellant's own counsel brought out the fact that appellant had been charged heretofore with driving while intoxicated, and, on cross-examination without objection, that appellant had pleaded guilty to said offense on August 6, 1958, and further that he was not given a "test" for the "same offense" back in July (5), 1951. Therefore even if the trial court *did in fact take* into consideration appellant's past record, he could have done so without committing error.

Finding no reversible error, the judgment is affirmed.